IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIM M. WATTERSON | ) | CASE NO. 3:09CV1670 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| RICHARD S. MILLIGAN, *et al.* | ) | MEMORANDUM OF OPINION |
| | ) | <u>AND ORDER</u> |
| Defendants. | ) | |

On July 30, 2009, plaintiff *pro se* Tim M. Watterson, brought this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Court's diversity jurisdiction, 28 U.S.C. 1332(a), against defendants Richard S. Milligan, William W. Emly, Sr. and the Stark County Grievance Committee, a division of the Stark County Bar Association. He alleges in a 33 page narrative that his prosecution by the defendants resulting in the indefinite suspension of his license to practice law violated the policies and practices of the ethics system operated by the Ohio Supreme Court and the 88 county grievance committees in Ohio, including Stark County, as well as the Due Process Clause of the United States Constitution. Watterson demands substantial equitable relief and substantial damages. Although not explained in the complaint, he apparently would like to be reinstated to the practice of law.

**Analysis**

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of

merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). For the following reasons, the Court finds the claim asserted in this action satisfies these criterion.

**Diversity Jurisdiction**

Although the Court has jurisdiction of this action under 28 U.S.C. § 1331 because § 1983 constitutes a federal question, discussion of Watterson's invocation of diversity of citizenship is warranted. Watterson alleges that diversity exists because the plaintiff and all defendants are residents of the State of Ohio and the amount in controversy is in excess of $50,000.00.

28 U.S.C. 1332(a) provides:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between-

(1) citizens of different States;...

Attorney Watterson misunderstands the simple diversity statute. Regardless of the incorrectly-stated required amount in controversy, all parties are residents of Ohio. Diversity of citizenship does not exist.

**Monetary Damages**

Watterson seeks "substantial" monetary damages. In *Berger v. Cuyahoga Cty. Bar Assoc.*, 983 F.2d 718 (6th Cir. 1993), Berger sued the bar association for monetary damages. The court noted that a judge who enforces a code of conduct is entitled to prosecutorial immunity which includes immunity from suit for monetary damages. *Id.* at 721-22. The court stated, "The Cuyahoga County Bar Association, its committees and members are [ ] immune from suit because they acted as arms of the Supreme Court of Ohio in performing a function for which the court and its justices are

immune." *Id.* at 722 (citing *Sparks v. Character & Fitness Committee of Kentucky,* 859 F.2d 428, 433 (6th Cir.1988)). *See also Mackey v. Luskin,* Case No. 2:06CV689, 2006 WL 2933833 , at *1 (S.D. Ohio Oct. 12, 2006); *Bailey v. Columbus Bar Assoc.,* Case No. C2-01-169, 2001 WL 506522, at *3 (S.D. Ohio Apr. 11, 2001). Therefore, Watterson's claim for money damages has no merit.

**Equitable Relief**

Watterson is challenging a decision of a court suspending him from practicing law for an indefinite period. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, 194 F.3d 1313, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999) (table decision) (citing *Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992)).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998) (overruled

3

on other grounds); *see Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293 (quotation and citation omitted). The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. *Id.*; *Tropf*, 289 F.3d at 937.

Watterson's claim in the present case is directly related to his Ohio grievance. The case before the Ohio Disciplinary Counsel covered his grievances and discussed his behavior during the disciplinary process. In fact, the court decision contains a threatening letter he sent to the Stark County Bar Association. *Disciplinary Counsel v. Watterson*, 114 Ohio St.3d 159, 162 (2007). The court found that his misconduct, which included intentional disregard of and open contempt for the disciplinary process, demonstrated his present unfitness to practice law. *Id*. at 164. His claim that disciplinary counsels' actions were lies and fraudulent amounts to an appeal from a state court decision. Since Watterson's request for equitable relief most likely includes reinstatement to the practice of law, any review of the constitutional claims would require a review of the state court decision.

**Conclusion**

Based upon the above, this action is DISMISSED. The court certifies, pursuant to 28 U.S.C.

§ 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.


Date:   September 25, 2009                                  */s/ John R. Adams*
                                                           JUDGE JOHN R. ADAMS
                                                           UNITED STATES DISTRICT JUDGE